IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEITH BARTELLI,  )
        Plaintiff,  )
                ) Civil Action No. 10-1629
   v.  )
                ) Magistrate Judge Lisa Pupo Lenihan, Chief
PA DEPARTMENT OF CORRECTIONS;  )
ET. AL,  )
        Defendants.  )

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that this action be remanded back to the Court of Common Pleas of Greene County.

**II.    REPORT**

Plaintiff, Keith Bartelli, is a state prisoner confined at the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania. On August 3, 2010, in the Court of Common Pleas of Greene County, Pennsylvania, Plaintiff filed a Complaint against the Pennsylvania Department of Corrections and various individuals employed by that agency. On December 7, 2010, Defendants filed a Notice of Removal in this United States District Court for the Western District of Pennsylvania. In its Notice, Defendants assert that removal is proper because the court has original jurisdiction under 28 U.S.C. § 1331 as the action should be considered as one alleging violations of constitutional law under 42 U.S.C. § 1983. For the following reasons, this action should be remanded back to the Court of Common Pleas of Greene County where Plaintiff originally filed it.

## A. Discussion

1.   Subject Matter Jurisdiction

Defendants assert that this action is removable under 28 U.S.C. § 1441, which provides, in pertinent part, as follows.

>   1441.   Actions removable generally
>
>   (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a).

The burden of establishing removal jurisdiction is born by the defendant and the failure to meet this burden results in remand of the removed case. Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 358 (3d Cir. 1995). In this regard, the defendants must demonstrate that removal is proper based on the allegations in the complaint and the notice of removal. *See, e.g.*, Kerstetter v. Ohio Cas. Ins. Co., 496 F.Supp. 1305, 1307 (E.D. Pa. 1980). In determining whether removal is proper, the Court of Appeals for the Third Circuit has informed us that "the removal statutes are to be strictly construed against removal and [that] all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

On the face of Plaintiff's Complaint, he states that the action is a tort claim sounding in trespass, negligence and conversions (ECF No. 1-2, p. 2). Although he does cite to the United States Constitution in various places in his Complaint (ECF No. 1-2, p. 23), he specifically sets forth the following as the specific "counts" of his complaint: "Count 1 - Negligence" (ECF No. 1-2, p. 27);

"Count 2 - Trespass" (ECF No. 1-2, p. 28); and "Count 3 - Conversion" (ECF No. 1-2, p. 29).

As stated above, Defendants assert that removal of this action was proper under 28 U.S.C. § 1441(a). However, removal under section 1441(a) applies only where the United States District Court could have had original jurisdiction over the action as filed. In the case at bar, it is not at all clear that Plaintiff could have filed this action in this Court's original jurisdiction because his action asserts liability under state law. As it is not at all clear that this action could have been filed in this District Court's original jurisdiction or diversity jurisdiction, Defendants' assertion that this action is removable under 28 U.S.C. § 1441(a) is suspect. Consequently, this Court should be required to remand this case back to the appropriate state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (emphasis added). *See also* Bromwell v. Michigan Mutual Insurance Company, 115 F.3d 208, 212 (3d Cir. 1997) ("[O]nce the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court.*"*).

2.  Removal of Plaintiff's Action

Moreover, even if Plaintiff's Complaint can be construed as alleging constitutional violations, removal was improper on the facts of this case. In this regard, a the time that this case was removed from state court, Plaintiff had accumulated at least "three strikes" under 28 U.S.C. § 1915(e) in the United States District Court for the Middle District of Pennsylvania. *See* ECF No. 5. If Plaintiff had filed the instant action in this court without paying the full filing fee, there is no question it would have been dismissed pursuant to 28 U.S.C. § 1915(g). However, plaintiff's case is in this court through the removal of the case from state court by Defendants, not by Plaintiff's own volition. This presents the court with a thorny issue. On the one hand, pursuant to the PLRA, plaintiff's history of

3

frivolous litigation in this court should prohibit him from proceeding with his current claims. Allowing plaintiff to proceed with the instant case in this court would thwart the purpose of the "three strikes rule" and could result in enabling plaintiff to circumvent the rule by filing *in forma pauperis* actions in state court hoping that defendants will remove the case to this court. On the other hand, it does not seem appropriate to allow defendants to summarily end a prisoner's claims through removal (and subsequent operation of the "three strikes rule") when the prisoner properly filed his case in state court.

The United States District Court for the Middle District of Pennsylvania was faced with this exact situation in another of Plaintiff's cases in <u>Bartelli v. Beard</u>, 2008 WL 4363645 (M. D. Pa. Sept. 24, 2008). That case began when Bartelli filed an *in forma pauperis* civil rights complaint in Pennsylvania state court. Like the Defendants in this case, the Bartelli defendants removed the case to federal court claiming that the district court had federal question jurisdiction. As the court noted, Bartelli was subject to the "three strikes rule" in federal court. The magistrate judge recommended that the case either be dismissed pursuant to section 1915(g) or, in the alternative, remanded so Bartelli could pursue his federal claim in state court. The defense objected on the grounds that Bartelli did not file his case in federal court, and that because the defense removed it as a matter of right, the "three strikes rule" did not bar litigation of the case in federal court. In considering the issue, the <u>Bartelli</u> court found as follows.

> The cases present an anomalous situation. If an indigent federal three strikes plaintiff sues in state court and the case is removed to the federal court where plaintiff is obligated to continue his litigation, it results in trumping the effect of § 1915(g). If the plaintiff is precluded from initiating the litigation in federal court by reason of § 1915(g), a defendant can effectively end a meritorious claim by an indigent plaintiff in state court by removing it to federal court where the claim will be stricken under the three strikes rule.

> Under both scenarios, a plaintiff would also lose the right to appeal; a remedy also denied him under § 1915(g).

Bartelli, 2008 WL 4363645, at *2. The court concluded that the best course of action was to remand Bartelli's case so he could pursue his federal claim in state court. *Id*.

I find the rationale employed by the United States Court for the Middle District in Bartelli's previous case persuasive in balancing the interests involved. Specifically, allowing the removal of this case to stand would not produce a desirable result regardless of how the case progresses. If the court allowed plaintiff's case to proceed in this court, the PLRA's purpose of curtailing litigation by "three strikes" plaintiffs would be thwarted. If, on the other hand, the court dismissed Plaintiff's case because he is subject to the "three strikes rule," his claims would never be heard simply because of a procedural maneuver by Defendants-not because he filed a case in this court without paying the full filing fee. For these reasons, remand of this case to state court is appropriate.

### III. CONCLUSION

It is recommended that this action be remanded back to the Court of Common Pleas of Greene County.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                                        Lisa Pupo Lenihan
                                                        Chief United States Magistrate Judge

Dated: January 19, 2011

cc: Keith Bartelli
DX-0950
SCI Greene
170 Progress Drive
Waynesburg, PA 15370